MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ESTELA BATEN and REYNA BATEN,
*individually and on behalf of others similarly*
*situated,*

*Plaintiffs*,

-against-

BRIGHT LAUNDRY LAND CORP.  (D/B/A
BRIGHT LAUNDRY LAND), MICHAEL
MYINT, and LAY NA MYINT,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Estela Baten and Reyna Baten, individually and on behalf of others similarly

situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates,

P.C., upon their knowledge and belief, and as against Bright Laundry Land Corp. (d/b/a Bright

Laundry Land), ("Defendant Corporation"), Michael Myint and Lay Na Myint, ("Individual

Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.    Plaintiffs are former employees of Defendants Bright Laundry Land Corp. (d/b/a

Bright Laundry Land), Michael Myint, and Lay Na Myint.

2.    Defendants own, operate, or control a laundromat, located at 108 Stanton Street,

New York, New York 10002 under the name "Bright Laundry Land".

3.      Upon information and belief, individual Defendants Michael Myint and Lay Na Myint, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as laundry workers at the laundry service located at 108 Stanton Street, New York, New York 10002.

6.      Specifically, Plaintiffs performed the duties of washing, drying, and folding clothes, and cleaning the laundromat.

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

16.    Plaintiff Estela Baten ("Plaintiff Baten" or "Ms. Baten") is an adult individual residing in Bronx County, New York.

17.    Plaintiff Baten was employed by Defendants at Bright Laundry Land from approximately February 21, 2014 until on or about December 7, 2015.

18.    Plaintiff Reyna Baten ("Plaintiff Reyna" or "Ms. Reyna") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Reina was employed by Defendants at Bright Laundry Land from approximately January 25, 2009 until on or about 2011 and from approximately January 2, 2013 until on or about March 4, 2018.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 108 Stanton Street, New York, New York 10002 under the name "Bright Laundry Land".

21.     Upon information and belief, Bright Laundry Land Corp. (d/b/a Bright Laundry Land) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 108 Stanton Street, New York, New York 10002.

22.     Defendant Michael Myint is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Myint is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Myint possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Lay Na Myint is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lay Na Myint is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Lay Na Myint possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages

and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

24.     Defendants operate a laundromat located in the Lower East Side section of Manhattan in New York City.

25.     Individual Defendants, Michael Myint and Lay Na Myint, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Michael Myint and Lay Na Myint operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.    In each year from 2013 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.    Plaintiffs are former employees of Defendants who were employed as laundry workers.

35.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Estela Baten*

36.    Plaintiff Baten was employed by Defendants from approximately February 21, 2014 until on or about December 7, 2015.

37.    Defendants employed Plaintiff Baten as a laundry worker.

38.    Plaintiff Baten regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

39.    Plaintiff Baten's work duties required neither discretion nor independent judgment.

40.    Throughout her employment with Defendants, Plaintiff Baten regularly worked in excess of 40 hours per week.

41.    From approximately February 21, 2014 until on or about December 7, 2015, Plaintiff Baten worked as a laundry worker from approximately 8:00 a.m. until on or about 6:00 p.m., three days a week and from approximately 8:00 a.m. until on or about 6:30 p.m., three days a week (typically 61.5 hours per week).

42.    Throughout her entire employment, Defendants paid Plaintiff Baten her wages in cash.

43.    From approximately February 2014 until on or about November 2, 2015, Defendants paid Plaintiff Baten a fixed salary of $500 per week.

44.    From approximately November 3, 2015 until on or about December 7, 2015, Defendants paid Plaintiff Baten a fixed salary of $550 per week.

45.    Plaintiff Baten's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46.    For example, Defendants required Plaintiff Baten to work an additional 30 minutes past her scheduled departure time three days a week, and did not pay her for the additional time she worked.

47.    Defendants never granted Plaintiff Baten any breaks or meal periods of any kind.

48.    Plaintiff Baten was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

49.    Defendants required Plaintiff Baten to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

50.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Baten regarding overtime and wages under the FLSA and NYLL.

51.    Defendants did not provide Plaintiff Baten an accurate statement of wages, as required by NYLL 195(3).

52.    Defendants did not give any notice to Plaintiff Baten, in English and in Spanish (Plaintiff Baten's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Reyna Baten*

53.     Plaintiff Reyna was employed by Defendants from approximately January 25, 2009 until on or about 2011 and from approximately January 2, 2013 until on or about March 4, 2018.

54.     Defendants employed Plaintiff Reyna as a laundry worker.

55.     Plaintiff Reyna regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

56.     Plaintiff Reyna's work duties required neither discretion nor independent judgment.

57.     Throughout her employment with Defendants, Plaintiff Reyna regularly worked in excess of 40 hours per week.

58.     From approximately January 2, 2013 until on or about March 4, 2018, Plaintiff Reyna worked as a laundry worker from approximately 9:00 a.m. until on or about 5:30 p.m., one or two days a week, from approximately 9:00 a.m. until on or about 6:00 p.m., four days a week, and from approximately 9:00 a.m. until on or about 6:20 p.m., one day a week (typically 53.8 or 62.33 hours per week).

59.     Throughout her entire employment, Defendants paid Plaintiff Reyna her wages in cash.

60.     From approximately January 2, 2013 until on or about November 2015, Defendants paid Plaintiff Reyna a fixed salary of $550 per week.

61.     From approximately November 2015 until on or about March 4, 2018, Defendants paid Plaintiff Reyna a fixed salary of $625 per week.

62.     Plaintiff Reyna's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

63.     For example, Defendants required Plaintiff Reyna to work an additional 20 minutes past her scheduled departure time one day a week, and did not pay her for the additional time she worked.

64.     Defendants never granted Plaintiff Reyna any breaks or meal periods of any kind.

65.     Plaintiff Reyna was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

66.     Defendants required Plaintiff Reyna to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

67.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reyna regarding overtime and wages under the FLSA and NYLL.

68.     Defendants did not provide Plaintiff Reyna an accurate statement of wages, as required by NYLL 195(3).

69.     Defendants did not give any notice to Plaintiff Reyna, in English and in Spanish (Plaintiff Reyna's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

70.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

71.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

72.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

73.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

74.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

75.     Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in order to release their wages.

76.     Plaintiffs were paid their wages in cash.

77.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

78.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

79.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

80.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

81.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

82.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

83.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

84.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

85.     The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

86.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

88.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

93.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

97.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

99.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

100.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

101.     Plaintiffs (and the FLSA class member) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

105.     Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

106.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

111.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

113.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

114.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 6, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 5, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Estela Baten

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           05 de marzo de 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

BY HAND

March 5, 2018

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Reyna Baten

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Reyna Baten_

Date / Fecha:                     05 de marzo de 2018

*Certified as a minority-owned business in the State of New York*